## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-496-D |
| ) | |
| TYLER WELLHAUSEN, D.Ph., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the United States' Notice of Intent to Introduce *Res Gestae*, or Alternatively, Rule 404(b) Evidence [Doc. No. 31]. Defendant filed a response in opposition [Doc. No. 44]. The matter is fully briefed and at issue.

## BACKGROUND

Defendant was charged in an Indictment [Doc. No. 1] with thirty counts of obtaining a controlled substance by deceit or subterfuge, in violation of 21 U.S.C. § 843(a)(3). It is alleged that, on thirty separate occasions between November 21, 2018 and May 13, 2020, Defendant knowingly and intentionally acquired and obtained certain controlled substances by misrepresentation, fraud, forgery, deception, and subterfuge, specifically by withdrawing, without authorization, controlled substances from the inventory of the pharmacies owned by the Absentee Shawnee Tribe (AST) and diverting those controlled substances to his own personal use. The Indictment contains a table specifying thirty alleged incidents of drug diversion by date, time, drug, schedule of drug, and quantity.

As stated in its 404(b) notice, the government intends to introduce evidence of uncharged instances of Defendant allegedly diverting controlled substances from January of 2018 through June of 2020. During this time period, AST's two pharmacy locations used Cubex machines to store controlled substances, which machines were accessed by fingerprint. The pharmacies also utilized an inventory software system called Computer RX. According to the government, "the amount of pills that are shown in the inventory maintained in Computer RX should match the number recorded in the Cubex machine and the number of pills physically in the bottle." [Doc. No. 31, at 3]. To show additional instances of Defendant diverting controlled substances, the government seeks to offer summaries[1] of discrepancies between the Cubex records and Computer RX records; and instances of Defendant making unexplained edits to the Computer RX system. The government also intends to offer a few examples of paper logs, which allegedly reflect instances of diversion prior to the purchase of the Cubex machines in November of 2017.

## DISCUSSION

i.    **Intrinsic Evidence**

Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b). It may, however, be admissible for other purposes, "such as proving motive, opportunity,

---

[1] The summaries will purportedly be offered through Megan Raney (AST pharmacist), Chris Turpin (pharmacist in charge of AST's Little Axe location), and Melissa Jones (investigator/auditor from the Oklahoma State Board of Pharmacy).

intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* "Rule 404(b) limits the admissibility of evidence related to other crimes or wrongs, but it only applies to evidence of acts extrinsic to the charged crime." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (internal quotations and citation omitted).

In his response, Defendant concedes that the summary charts and logs the Government intends on offering "may be considered as *res gestae* evidence." [Doc. No. 44, at 3]. Upon consideration, the Court finds that the evidence of uncharged instances of diversion are intrinsic to the crimes charged in the Indictment.

Intrinsic evidence may nevertheless be excluded under Rule 403's balancing test if the evidence is "substantially outweighed" by a danger of unfair prejudice. *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010). Exclusion under Rule 403 is "an extraordinary remedy to be used sparingly." *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155 (10th Cir. 1985) (quoting *United States v. Plotke*, 725 F.2d 1303, 1308 (11th Cir. 1984)). It follows that Rule 403 should not be used as a tool to exclude merely unfavorable evidence. *See United States v. Flanagan*, 34 F.3d 949, 953 (10th Cir. 1994) ("While the evidence here certainly was damaging to [the] defense, the unfair prejudice aspect of Rule 403 'cannot be equated with testimony which is simply unfavorable to a party. It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case.'") (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1549 (10th Cir. 1991)). Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (citation omitted).

Upon consideration, the Court finds that the evidence referenced in the government's 404(b) notice is not substantially outweighed by a danger of unfair prejudice. The similarity and temporal proximity of the uncharged instances of Defendant allegedly diverting controlled substances renders the government's proposed evidence highly probative of Defendant's intent to commit the crimes charged in the Indictment. The government intends to show that, from January 2018 through June of 2020, Defendant had a pattern and practice of diverting controlled substances by deceit or subterfuge. Although the government charged Defendant with thirty specific counts of diversion, those specific instances were "selected from … literally hundreds of instances in which [Defendant] diverted controlled substances in the same manner." [Doc. No. 31, at 6]. The proposed evidence is obviously prejudicial, but it is not unfairly prejudicial in light of its probative value. *See United States v. Ashlock*, 224 F. App'x 803, 806 (10th Cir. 2007) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)) ("Evidence is unfairly prejudicial when it has the capacity 'to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'"). For these reasons, the proposed evidence should not be excluded under Rule 403.

Of course, this ruling is preliminary and subject to change once the full context of the evidence is developed at trial. Although the Court is confident that the government will focus primarily on the specific counts charged in the Indictment, counsel is nevertheless cautioned that the Court does not intend to conduct lengthy mini-trials into uncharged instances of diversion. Further, with respect to the "few examples" of pre-2018 paper logs which apparently show instances of Defendant diverting controlled substances prior to the pharmacies' purchase of the Cubex machines, the government should ensure that those

examples are reasonably close in time to the date range specified in the Indictment. Finally, nothing in this Order precludes either party from asserting specific, contemporaneous objections at trial, which will be addressed outside the hearing of the jury.

## CONCLUSION

For the reasons stated herein, the Court finds, preliminarily, that the evidence referenced in the United States' Notice of Intent to Introduce *Res Gestae*, or Alternatively, Rule 404(b) Evidence [Doc. No. 31] is intrinsic and should not be excluded under FED. R. EVID. 403.[2]

**IT IS SO ORDERED** this 6th day of December, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Due to the Court's finding, it is unnecessary to consider whether the evidence would also be admissible pursuant to FED. R. EVID. 404(b).